IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BETTY NICKS, )
)
          Plaintiff, )
)
          v. )     No. 11-3097-SSA-CV-S-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
          Defendant. )

## ORDER

Plaintiff Betty Sue Nicks seeks judicial review,[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. The Administrative Law Judge (ALJ) issued an unfavorable decision on November 3, 2009, and the appeals council denied plaintiff's request for review on January 14, 2011. Therefore, the November 3, 2009 decision of the ALJ stands as the final decision of the Commissioner. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI. The parties' briefs are fully submitted, and an oral argument was held on January 3, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

whether existing evidence is substantial, we consider evidence that detracts from
the Commissioner's decision as well as evidence that supports it. As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

### Discussion

Plaintiff Betty Sue Nicks was born on September 28, 1988. She has completed her high school education. Plaintiff has no past relevant work. Plaintiff alleges disability due to a learning disability and attention deficit hyperactivity disorder.

The ALJ determined that plaintiff suffered from the severe impairments of post traumatic stress disorder, cannabis abuse, borderline intellectual functioning and affective disorder alternatively diagnosed as major depressive disorder or mood disorder. The ALJ further determined that neither plaintiff's impairments nor combination of impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that plaintiff had a residual functional capacity (RFC) to perform light work, but set forth specific limitations to accommodate for plaintiff's impairments. The ALJ determined,

2

based on the RFC and the testimony of a vocational expert that plaintiff is capable of performing work the exists in significant numbers in the national economy. Specifically, the vocational expert testified that plaintiff would be able to perform the requirements for representative occupations such as a small products assembler, a final assembler and a circuit board screener. Based on this evidence, the ALJ determined that plaintiff has not been under disability since August 22, 2007, the date the application for SSI was filed.

Plaintiff argues that the ALJ erred in assessing the medical evidence; erred in failing to consider whether plaintiff's impairments met or equaled listing 12.05 mental retardation, erred in discrediting plaintiff's credibility, and erred in determining plaintiff's RFC.

The Commissioner argues the ALJ correctly noted that the record shows alternative diagnoses of mental retardation and borderline intellectual functioning and correctly evaluated the medical evidence in making the determination that plaintiff's functioning was more consistent with borderline intellectual functioning than mental retardation, and that plaintiff's cognitive deficits did not meet or equal a listing. The Commissioner argues that the ALJ properly assessed significant mental limitations in determining plaintiff's RFC, and properly determined plaintiff had not been suffering from disability as defined by the Act.

After carefully reviewing the evidence, this court does not find the ALJ's determination that plaintiff had the RFC to perform light work with specific limitations for plaintiff's mental impairments is supported by substantial evidence in the record as a whole. Further development of the record is necessary to properly determine whether plaintiff meets or equals a listing, specifically 12.05 mental retardation, or is otherwise disabled. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when commissioner has failed to develop the record is made on a case-by-case basis). While the ALJ properly cites to alternative findings of mental retardation and borderline intellectual functioning, this court believes that additional evidence is necessary to properly determine whether plaintiff's impairments or combination of impairments meet the 12.05 listing in Appendix 1. The evidence shows that plaintiff's IQ scores, onset of mental impairments before age 22, and other mental impairments imposing additional and significant work-related limitation in function, would satisfy listing 12.05. As to the introductory language of 12.05, there is some evidence of plaintiff having adaptive functioning abilities, but

3

there is also evidence of plaintiff having serious lack of adaptive functioning. The record contains evidence of plaintiff's high school records which show that she spent 57 percent of her time outside the regular classroom; she was assigned to special education classes; and her high school opined that the proper diagnosis and classification for plaintiff was mild mental retardation. Further, the May 2008 report of Dr. Bradford, Psy.D., made at the request of Greene County Division of Family Services for a psychological assessment after plaintiff's child was placed in custody of Department of Family Services, shows that plaintiff was suffering from severe limitations in adaptive functioning. Dr. Bradford's report states that, at best, plaintiff was a person with limited cognitive ability and delayed emotional development, and was not far from needing a guardian for herself. Although Dr. Sutton, Ph.D., a nonexamining medical source, opined in 2007 that plaintiff did not meet a listing, but had mental limitations which could be incorporated into an RFC, this court believes that this opinion on which the ALJ relies is insufficient for the ALJ or this court to disregard the evidence in the record as a whole which appears to support that plaintiff met listing 12.05, or alternatively, was otherwise unable to perform work on a sustained basis at any level.

## Conclusion

The administrative record in this case is not sufficiently developed to make a determination on plaintiff's disability. This case is, therefore, remanded for further development of evidence in the form of a consultative mental health examination by a mental health expert, who will also review plaintiff's mental health records. The examining mental health expert should specifically provide an opinion as to the limitations plaintiff's impairments have on her ability to work.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to sentence four, 42 U.S.C. § 405(g), for further consideration and development of the record.

Dated this 9th day of January, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge